UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ALABAMA

CATRESE GOBER, on behalf of herself )
and all others similarly situated,   )
                                     )
            Plaintiff                )
                                     ) Case No.:
      v.                             )
                                     )
MIDLAND CREDIT MANAGEMENT, INC. )
and MIDLAND FUNDING, LLC,            )
                                     )
            Defendant

## COMPLAINT – CLASS ACTION

Plaintiff, CATRESE GOBER ("Plaintiff"), on behalf of herself and all others similarly situated, by way of her Complaint against the Defendants, says:

### I. INTRODUCTION

1. This is a consumer class action brought on behalf of consumers against a debt collector for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et. seq.* ("FDCPA"). This law prohibits debt collectors from engaging in false, deceptive, misleading or unfair collection practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331, 1337.

3. Venue lies in this District pursuant to 28 U.S.C. §1391(b)(2).

## III. PARTIES

4. Plaintiff, Catrese Gober, is a natural person

5. At all times relevant to this Complaint, Plaintiff was a citizen of, and resided in Calera, Alabama.

6. Plaintiff is a "consumer" as defined in section 1692a(3) of the FDCPA.

7. At all times relevant to this Complaint, Defendant Midland Funding, LLC ("Midland") is a purchaser of defaulted consumer debt with offices at 8875 Aero Drive, San Diego, California, 92123.

8. According to Defendant Midland's website "Midland Funding LLC is one of the nation's biggest buyers of unpaid debt. Midland Funding purchases accounts with an unpaid balance where consumers have gone at least 180 days without making a payment, or paid less than the minimum monthly payment." *See* http://www.midlandcreditonline.com/who-is-mcm/midland-funding-llc/.

9. At all times relevant to this Complaint, Defendant Midland Credit Management, Inc. ("MCM") is a collector of consumer debt within the meaning of section 1692a(6) of the FDCPA, with offices at 8875 Aero Drive, San Diego, California, 92123.

10. Defendant MCM collects debt purchased by Midland.

11. Defendants are each a "debt collector" as the term is defined in section 1692a(6) of the FDCPA.

## IV. FACTUAL ALLEGATIONS CONCERNING PLAINTIFF

12. Midland claims to have purchased Plaintiff's Verizon account (the "Verizon debt"). Midland bought the Verizon debt and other like debt for the purpose of initiating

collection activities. Midland used MCM, which shares a common ownership and serves only as a separate company in an attempt to shield Defendants from greater exposure.

13. The Verizon debt arose of out transactions which were primarily for personal, family or household purposes.

14. The Verizon debt is a "debt" as the term is defined in section 1692a(5) of the FDCPA.

15. Defendants have been attempting to collect the alleged debt.

16. Defendants' collection attempts include correspondence sent to Plaintiff dated October 5, 2012. *See* Exhibit "A," correspondence dated October 5, 2012.

17. The October 5, 2012 letter is a "communication" as defined in section 1692a(2) of the FDCPA.

18. The amount stated in the October 5, 2012 correspondence is $727.73. *See Id.*

19. The amount of the debt has remained unchanged since Defendants began collecting this debt from Plaintiff. *See* Exhibit "B," correspondence dated July 18, 2012.

20. As such, Defendants were not attempting to collect interest on the alleged debt.

21. The October 5, 2012 letter states, in part: "Once you make a payment, interest will stop being applied to your account." *See Id.*

22. At the time the October 5, 2012 letter was sent Defendants had not applied interest to the Plaintiff's account, nor was interest accruing on the account.

23. The statement in the October 5, 2012 letter from Defendants that they would stop applying interest to the account was a false, deceptive and misleading representation or means in connection with the collection of a debt and an unfair and unconscionable means to collect or attempt to collect a debt.

24. Alternatively, if Defendant had in fact been applying interest on the account, then the amount demanded in the October 5, 2012 letter was a false, deceptive and misleading representation or means in connection with the collection of a debt and an unfair and unconscionable means to collect or attempt to collect a debt.

25. Each Defendant knew or should have known that its actions violated the FDCPA. Each Defendant could have taken steps necessary to bring its collection letters into compliance with the FDCPA, but each neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## V. CLASS ACTION ALLEGATIONS

26. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

27. This claim is brought on behalf of a Plaintiff Class, consisting of a class of

   a. All consumers in the State of Alabama to whom, during the one year period prior to the filing of this action and continuing through the resolution of this action, Defendants sent a letter substantially in the form attached hereto as Exhibit A in an attempt to collect any consumer debt; and

   b. All consumers in the State of Alabama, during the one year period prior to the fling of this action and continuing through the resolution of this action, Defendants sent a letter substantially in the form attached hereto as Exhibit A in an attempt to collect a consumer debt allegedly owed to Verizon.

28. The identities of all Class members are readily ascertainable from the records of Defendants.

29. Excluded from the Class are the Defendants and all of their respective officers, members, partners, managers, directors, and employees of the Defendants and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

30. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal common questions include (a) whether the FDCPA was violated by a representation in a standardized form collection letter that Defendants would stop applying interest to an account to which they had not been applying interest; and (b) whether the FDCPA was violated by Defendants' standardized failure to disclose that the amount allegedly due was subject to increase due to the application of interest to the account.

31. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   (a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical. Although the precise number of Class members is known only to Defendants, Defendants market themselves as one of the nation's largest debt collectors, and Defendants regularly collect or attempt to collect debt from Florida consumers.

   (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issues

are whether (a) the FDCPA was violated by a representation in a standardized form collection letter that Defendants would stop applying interest to an account to which they had not been applying interest; and (b) whether the FDCPA was violated by Defendants' standardized failure to disclose that the amount allegedly due was subject to increase due to the application of interest to the account.

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the same operative facts and are based on the same legal theories.

(d) **Adequacy:** Plaintiff will fairly and adequately protect the interests of the Class members insofar as Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel, Kimmel & Silverman, P.C., experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor their counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

32. Certification of a class under Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk

of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendants, who, on information and belief, collect debts throughout the United States of America.

33. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## CLAIMS

### COUNT I
### DEFENDANTS VIOLATED § 1692e OF THE
### FAIR DEBT COLLECTION PRACTICES ACT
### AS TO PLAINTIFF AND THE CLASS

34. Section 1692e of the FDCPA prohibits debt collectors from using false, deceptive or misleading representation or means in connection with the collection of any debt.

35. Defendants violated § 1692e of the FDCPA, when it used, false, deceptive, or misleading representations or means in correspondence sent to Plaintiff and members of the Class indicating that interest could stop being applied to the consumer's account if payment was made when interest was not being applied to the account.

### COUNT II
### DEFENDANT VIOLATED § 1692e(2) OF THE
### FAIR DEBT COLLECTION PRACTICES ACT
### AS TO PLAINTIFF AND THE CLASS

36. Section 1692e(2) of the FDCPA prohibits debt collectors from falsely representing the character, amount or legal status of any debt.

37. Defendant violated § 1692e(2)(A) of the FDCPA when it falsely represented in

correspondence to Plaintiff and members of the Class that interest could stop being applied to the consumer's account if payment was made when interest was not being applied to the account.

### COUNT III
### DEFENDANT VIOLATED 1692e(10) OF THE
### FAIR DEBT COLLECTION PRACTICES ACT
### AS TO PLAINTIFF AND THE CLASS

38. Section 1692e(10) of the FDCPA prohibits debt collectors from using false representations or deceptive means to collect a debt or to obtain information from a consumer.

39. Defendant violated § 1692e(10) of the FDCPA, when it used, false, deceptive, or misleading representations or means in correspondence sent to Plaintiff and members of the Class indicating that interest could stop being applied to the consumer's account if payment was made when interest was not being applied to the account.

### COUNT IV
### DEFENDANT VIOLATED § 1692f OF THE
### FAIR DEBT COLECTION PRACTICES ACT
### AS TO PLAINTIFF AND THE CLASS

40. Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect a debt.

41. Defendant violated § 1692f of the FDCPA when it used, false, deceptive, or misleading representations or means in correspondence sent to Plaintiff and members of the Class indicating that interest could stop being applied to the consumer's account if payment was made when interest was not being applied to the account.

### TRIAL BY JURY

42. Plaintiff is entitled to and hereby demands a trial by jury as to all issues so triable.

WHEREFORE, Plaintiff, CATRESE GOBER, by and through her attorneys, respectfully prays for relief as follows:

a. That an Order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and her counsel to represent the Class;

b. That judgment be entered against each Defendant for actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

c. That judgment be entered against each Defendant for statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(B);

d. That the Court award costs and reasonable attorneys fees, pursuant to 15 U.S.C. §1692k(a)(3);

e. An incentive award, in the discretion of the Court, for the time, effort and expense incurred by Plaintiff in connection with this action;

f. That the Court grants such other and further relief as may be just and proper.

Respectfully Submitted,

By: _____
Amy L. Bennecoff
Kimmel & Silverman, P.C.
30 E. Butler Avenue
Ambler, PA 19002
(215) 540-8888
(877) 788-2864 Fax
abennecoff@creditlaw.com

Dated: May 2, 2013